## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1363 | **DATE** | 5/24/2012 |
| **CASE TITLE** | Guadalupe Sandoval vs. Target Corporation | | |

**DOCKET ENTRY TEXT**

Plaintiff's Motion to Remand to State Court [8] is granted.

■[ For further details see text below.]   Docketing to mail notices.

### STATEMENT

Before the Court is Plaintiff Guadalupe Sandoval's ("Plaintiff") motion to remand. For the following reasons, the motion is granted.

Defendant Target Corporation ("Target") removed Plaintiff's case from the Small Claims Municipal Division of the Circuit Court of Cook County, Illinois. Plaintiff alleges a slip-and-fall incident injured her at one of Target's Chicago retail stores. She filed a complaint seeking $10,000 on September 16, 2011. Target was served October 3, 2011. Plaintiff filed an amended complaint seeking $100,000 in damages on January 12, 2012. The next day, January 13, 2012, Target appeared and filed a jury demand. Target moved to strike the amended complaint on February 2, 2012. Target did not file a notice of removal until February 27, 2012. Target alleges that jurisdiction exists under 28 U.S.C. § 1332. Plaintiff disagrees. Plaintiff also argues that Target's removal notice was waived or, in the alternative, tardy.

Plaintiff does not dispute that the amount in controversy exceeds $75,000. Instead, Plaintiff first challenges complete diversity. She claims that Target is not the Minnesota corporation with a Minnesota principal place of business that it claims to be. Plaintiff presents no actual evidence of this contention, however, whereas Target presents competent evidence that it is a Minnesota citizen. The Court rejects Plaintiff's argument.

Second, Plaintiff contends that Target "waived" removal under § 1332 "since diversity did not exist at the time Plaintiff filed her original complaint." Mot. to Remand at 3. To the contrary, 28 U.S.C. § 1446(b)(3) permits removal of a complaint amended to meet the jurisdictional amount on the basis of a "paper from which it may first be ascertained that the case is one which is or has become removable." Target argues that this "paper" was the amended complaint seeking $100,000. Accordingly, the Court rejects Plaintiff's argument.

Third, Plaintiff claims that Target was tardy in filing its notice of removal. Plaintiff advances two arguments to support this contention. Plaintiff argues that because the initial small-claims complaint mentioned "several small tears and small fractures to the left shoulder" and "months of therapy and doctor

visits," Target was on notice as of October 3, 2011, that the case "would qualify her for a six-figure award," marking November 2, 2011, as the end of the thirty-day removal period. Mot. to Remand at 4. Target observes, however, that Illinois Supreme Court Rule 281 limits recovery on a "small claim" to $10,000. Because § 1332 jurisdiction requires in excess of $75,000, and Plaintiff chose at first to cap her recovery at $10,000, the initial complaint was not removable on diversity grounds.

Plaintiff further asserts that the January 12, 2012 amended complaint creates a February 13, 2012 deadline for removal (February 11, 2012, was a Saturday). Target concedes that the amended complaint set the removal clock ticking, but that it did not receive it until January 26, 2012, making the deadline for removal February 27, 2012 (February 25, 2012, was a Saturday). See 28 U.S.C. § 1446(b)(3) ("[A] notice for removal may be filed within thirty days after *receipt* by the defendant ... of a copy of an amended pleading ... from which it may first be ascertained that the case is one which is or has become removable." (emphasis added)). Target contends that the amended complaint, stamped January 18, 2012, by the state court clerk was never actually filed with leave from the state court, and Plaintiff does not contest this assertion. On the record before the Court, removal was timely.

Finally, Plaintiff argues that Target waived its right to removal by participating in the state court litigation—including filing a motion to dismiss Plaintiff's amended complaint. Plaintiff cites Kiddie Rides USA, Inc. v. Elektro-Mobiltechnik GMBH, 579 F. Supp. 1476 (C.D. Ill. 1984), which states that "there must be a clear and unequivocal waiver on the part of the defendant" before removal is waived. Id. at 1479. While actions taken merely to preserve the status quo do not constitute waiver, "waiver is generally found if the actions by the defendant indicate an intent to have the case decided on the merits in state court, i.e., filing a motion to dismiss or counterclaim in state court." Radaszewski v. Garner, No. 01 C 9551, 2002 WL 31430325, at *3 (N.D. Ill. Oct. 21, 2002); see also Scholz v. RDV Sports, Inc., 821 F. Supp. 1469, 1472 (M.D. Fla. 1993) (finding waiver of removal where the defendant filed a motion to dismiss the plaintiff's second amended complaint). Target had notice of diversity jurisdiction as of January 26, 2012 when it received Plaintiff's amended complaint seeking $100,000. Instead of removing at that time, Target took affirmative action in filing a motion to dismiss the amended complaint. In relief, Target specifically requested to set the matter for arbitration or alternatively be transferred to the Law Division due to the increased claim amount. Such action evidences Target's intent to proceed in state court, as it did not move for removal for a further twenty-five days. Therefore the Court finds that Target waived its right to removal. Accordingly, Plaintiff's motion to remand is granted.

IT IS SO ORDERED.